UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FREDERICK STAMPONE, *et al.*,

    Plaintiffs,

v.

BRITTAN AMANN, *et al.*,

    Defendants.

Case No. 20–cv–03874–CCC–ESK

OPINION AND ORDER

**KIEL**, U.S.M.J.

**THIS MATTER** is before the Court on *pro se* plaintiffs Frederick Stampone (Frederick) and Marta Jo Stampone's (Marta Jo) motion for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e)(1) (Motion).[1] (ECF No. 93.) The Motion is unopposed. For the following reasons, the Motion is **DENIED.**

### BACKGROUND

This case springs from a family squabble. According to Frederick and Marta Jo's complaint, on December 21, 2019, Marta Jo was kidnapped from Memorial Sloan Kettering Cancer Center by her daughters, defendants Brittan Amann and Jordan Kramer, and brought to Vista Springs Nursing Home in Grand Rapids, Michigan, where Marta Jo became "enslaved, detained, [and a] prisoner[.]"[2] (ECF No. 1 pp. 3, 6, 7.) The complaint also alleges that Brittan stole Marta Jo's money, mail, and certain personal effects. (*Id.* p. 20.)

While no counts have been specifically enumerated in the complaint, Frederick and Marta Jo appear to bring causes of action for: kidnapping;

---

[1] Marta Jo Stampone is formerly known as "Marta Jo Hieshetter." (ECF No. 1 p. 2.)

[2] The complaint identifies Brittan Amann as Marta Jo's Guardian. (ECF No. 1 p. 9.)

conspiracy to kidnap; criminal assault; elder abuse; violations of the fourth, fifth, eighth, thirteenth, and fourteenth amendments to the United States Constitution; and violations of New York's Public Health and Good Samaritan laws. (*Id.* pp. 13, 14, 16.) There appear to be isolated references to claims for Marta Jo's "wrongful death," invasion of privacy, and violations of the Americans with Disabilities Act. (*Id.* pp. 4, 5.) The complaint identifies upwards of 35 separate defendants, including President Donald Trump, Attorney General William Barr, Governor Gretchen Whitmer, Governor Andrew Cuomo, the State of Michigan, and the State of New York, though the allegations largely center on defendants Brittan Amann (Brittan), Benjamin Amann (Benjamin), and Jordan Kramer (Jordan). (*Id.* pp. 1–3.)

The complaint claims that plaintiffs have "proven" defendants' culpability "beyond a reasonable doubt" and seeks criminal charges against Brittan, Benjamin, and Jordan. (*Id.* p. 26.) Curiously, plaintiffs claim that "defendants continued acts will cause plaintiff sever[e] and irreparable injury which can[not] be compensated by [a] monetary" award, while also demanding judgment in the amount of $100,000,000. (*Id.* pp. 36, 37.) In their prayer for relief, Frederick and Marta Jo also seek: termination of Brittan's guardianship of Marta Jo; a protective order for Marta Jo against Brittan; restitution for the alleged criminal theft committed by Brittan and other defendants; disbarment of certain Judges and attorneys who participated in certain legal proceedings involving Marta Jo; revision of Marta Jo's Last Will and Testament (leaving all assets to Frederick); and the initiation of kidnapping and abduction charges against Brittan, Benjamin, and Jordan. (*Id.*)[3] Plaintiffs filed the present Motion on November 13, 2020. (ECF No. 93.)

---

[3] It should be noted that "[a] document filed *pro se* is to be liberally construed, … and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Frederick's note submitted with the Motion indicates he is "in jail" and that "Marta is also in lock down." (*Id.* p. 1.) Paragraph 2 of the "Instructions" of the *pro forma* Motion for *Pro Bono* Counsel states, "[i]f you have been granted permission to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915, … then you may ask the judge assigned to your case to request a pro bono [sic] attorney[.]" (*Id.* p. 2.)

## LEGAL ANALYSIS AND DISCUSSION

28 U.S.C. § 1915(e)(1) empowers the Court to appoint attorneys to represent litigants who are "unable to afford counsel[.]" 28 U.S.C. § 1915(e)(1). Plaintiffs have not filed an application to proceed *in forma pauperis* in this action pursuant to 28 U.S.C. § 1915. As such, and for this reason alone, their Motion must be denied. *See Fulton v. United States*, 198 F.App'x 210, 214 (3d Cir. 2006) (finding that, where plaintiff paid the filing fee instead of completing *in forma pauperis* forms, "[t]he District Court did not err in failing to deny [Plaintiff's] request when he had not received [*in forma pauperis*] status"); *see also Egnotovich v. Greenfield Twp. Sewer Auth.*, 378 F.App'x 121, 123–24 (3d Cir. 2010) (denying motion to appoint counsel on appeal where plaintiff did not file application to proceed *in forma pauperis*).

Moreover, even if plaintiffs *had* procured the Court's approval to proceed *in forma pauperis* – they did not – decisional law typically militates against the appointment of counsel *pro bono*. The appointment of counsel in a civil case is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint counsel "must be made on a case-by-case basis." *Tabron v. Grace*, 6 F.3d 147, 157–58 (3d Cir. 1993). The Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).

Normally, the decision to appoint *pro bono* counsel for plaintiffs proceeding *in forma pauperis* involves a two-step analysis. *Howard v. Reyes*, No. 18-00800,

2020 WL 3958483, at *2 (D.N.J. July 13, 2020). First, "[a]s a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Once a claimant vaults this "threshold hurdle," the Court should then consider the following factors: (1) the claimant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the claimant's ability to pursue investigation; (4) claimant's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155–57. "[T]his list of factors is not exhaustive [and] should serve as a guidepost[.]" *Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155). Where the factual and legal issues "have not been tested or developed by the general course of litigation … factors (2)–(5) of *Parham*'s test [are] particularly difficult to evaluate." *Howard*, 2020 WL 3958483, at *2 (citing *Chatterjee v. Phila. Fed'n of Teachers*, Nos. 99-04122 and 99-04233, 2000 WL 1022979, at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture)).

At this juncture, I need not decide as a threshold matter whether the complaint has "some arguable merit in fact and law." *Tabron*, 6 F.3d at 155. Plaintiffs are not proceeding *in forma pauperis*, which is, by itself, basis sufficient to deny the appointment of *pro bono* counsel. *Fulton*, 198 F.App'x at 214.

## CONCLUSION

Accordingly, and for the reasons stated above,

**IT IS** on this   **3rd** day of **December 2020**   **ORDERED** that:

1. Plaintiffs' Motion (**ECF No. 93**) is **DENIED**.
2. The Clerk of the Court is directed to transmit a copy of this Opinion and Order to plaintiffs by regular mail.

4

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES MAGISTRATE JUDGE**